```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BERNABE HERNANDEZ,

                Plaintiff,

vs.                              Case No.   2:04-cv-236-FtM-29DNF

TRICO SHRIMP COMPANY, INC.,

                Defendant.

_____/

**ORDER**

     This matter comes before the Court on plaintiff's Motion to Reconsider (Doc. #60), filed on July 12, 2005, and Motion to Reinstate Case on Docket (Doc. #62), filed on July 13, 2005. Plaintiff seeks reconsideration of the Order (Doc. #56) dismissing the case without prejudice for failure to prosecute, and seeks to reopen the matter.  Plaintiff asks the Court "to excuse counsels [sic] failure to check for notices via e-mail."  The motions were taken under advisement pending an opportunity to respond.  No response has been filed and the time to do so has now expired.

     Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984)(citing <u>Ackermann v. United States</u>, 340 U.S. 193, 202 (1950)).  The Clerk's record reflects that plaintiff's counsel Roddrick Murray was issued a password and login for CM/ECF on January 20, 2005, and therefore for electronic notification via the

e-mail address provided by counsel to the Court. Additionally, counsel's password and login have now been reset and the current motion was electronically filed. The record also reflects that co-counsel and local counsel are not registered for CM/ECF and do receive notification by U.S. Mail, however, no response was received by any of the listed counsel of record.

Under Rule 60(b), a court may allow a motion for reconsideration based upon, inter alia, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud, misrepresentation, or other misconduct of an adverse party. Fed. R. Civ. P. 60(b). The Court finds that counsel's failure to maintain his account and check his electronic notifications does not constitute excusable neglect such that reconsideration would be justified. See Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986)(collecting cases). The motion for reconsideration will be denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Reconsider (Doc. #60) is **DENIED.**

2. Plaintiff's Motion to Reinstate Case on Docket (Doc. #62) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of August, 2005.

JOHN E. STEELE
United States District Judge